**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**STEVEN R.,**

                            **Plaintiff,**

                v.                                    **5:19-CV-992**
                                                                                           **(FJS)**

**COMMISSIONER OF SOCIAL SECURITY,**

                            **Defendant.**

**APPEARANCES**                                           **OF COUNSEL**

**LAW OFFICES OF**                       **JUSTIN M. GOLDSTEIN, ESQ.**
**KENNETH HILLER, PLLC**            **KENNETH R. HILLER, ESQ.**
6000 North Bailey Avenue – Suite 1A
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **CHRISTOPHER L. POTTER, ESQ.**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff Steven R. brought this action pursuant to the Social Security Act, 42. U.S.C. § 405(g) (the "Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for benefits. *See generally* Dkt. Nos. 1, 12. Pending before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 12, 13.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff applied for benefits on June 30, 2016, alleging disability as of July 13, 2012. *See* Dkt. No. 8, Administrative Record ("AR") at 11; Ex. B1D, at 156.[1]  Plaintiff filed a timely request for a hearing on September 14, 2016. *See id.,* Ex. B4B, at 92-93.  A hearing was held on June 26, 2018, before Administrative Law Judge Robyn L. Hoffman (the "ALJ") in Syracuse, New York. *See id.* at 36-62.  Matthew Nutting – a non-attorney representative – represented Plaintiff at the hearing. *See id.* at 38. Plaintiff amended his alleged onset date of disability to October 7, 2016, during the hearing.  *See id.* at 40; Ex. B13B, at 152.

On August 21, 2018, the ALJ issued a written decision in which she made the following findings "[a]fter careful consideration of the entire record …"

1) Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2018."

2) Plaintiff "has not engaged in substantial gainful activity since October 7, 2016, the amended alleged onset date."

3) Plaintiff "has the following severe impairments: lumbar degenerative disc disease and herniated disc."

4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."

5) Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except [Plaintiff] has the following additional limitations: can occasionally climb ramps, stairs, ladders, ropes, or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl."

6) Plaintiff "is unable to perform any past relevant work."

---

[1] All references to page numbers in the Administrative Record are to the Bates Stamp numbers in the bottom right corner of those pages.   All references to page numbers in other documents in the record are to the page numbers that the Court's ECF system generates, which appear in the top right corner of those pages.

7) Plaintiff "was born on October 8, 1966 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [Plaintiff] subsequently changed age category to closely approaching advanced age."

8) Plaintiff "has a limited education and is able to communicate in English."

9) "Transferability of job skills is not an issue in this case because [Plaintiff]'s past relevant work is unskilled."

10) "Considering [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."

11) Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 7, 2016, the amended alleged onset date of disability, through the date of this decision."

*See* AR at 13-31 (citations omitted).

The ALJ's decision became the Commissioner's final decision on June 12, 2019, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See id.* at 1-4. Plaintiff then commenced this action on August 12, 2019, filing a supporting brief on February 25, 2020. *See* Dkt. Nos. 1, 12. The Commissioner filed a response brief on April 7, 2020. *See* Dkt. No. 13.

In support of his motion, Plaintiff argues that the ALJ procedurally erred and violated his due process rights when she reopened and considered Plaintiff's prior application without incorporating the prior decision and file into the record. *See generally* Dkt. No. 12 at 8-10. Plaintiff additionally contends that the ALJ's residual functional capacity ("RFC") and consistency findings are not supported by substantial evidence.[2] *See generally id.* at 10-25.

---

[2] The Court does not reach the merits of this argument at this time. As the Court explains below, it needs more clarification from the ALJ before determining whether her findings were supported by substantial evidence.

### III. DISCUSSION

**A. Standard of review**

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). Accordingly, a reviewing court "'may not substitute [its] own judgment for that of the [Commissioner], even if [it] might justifiably have reached a different result upon a de novo review." *Cohen v. Comm'r of Soc. Sec.*, 643 F. App'x 51, 52 (2d Cir. 2016) (Summary Order) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)). In other words, "[t]he substantial evidence standard means once an ALJ finds facts, [a reviewing court may] reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation and other citation omitted).

To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for at least twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

1) The ALJ first determines whether the claimant is engaged in SGA. *See* C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).

2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id.*

3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).

4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(f).

5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive benefits if he cannot perform any alternative gainful activity. *See id.*

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (citation omitted).

**B. The ALJ's alleged "rejection" of Plaintiff's amended onset date**

The parties dispute which onset date the ALJ used in coming to her conclusion that Plaintiff is not disabled. Plaintiff contends that that "[t]he ALJ rejected [his] amended alleged onset date of October 7, 2016 and reopened a previously adjudicated period decided by a prior [ALJ]." *See* Dkt. No. 12 at 8. According to Plaintiff, he had a prior hearing decision dated October 9, 2014, and the Appeals Council affirmed that decision and made it a final determination on June 6, 2016. *See id.* In that prior hearing decision, Plaintiff apparently used the same onset date – July 13, 2012 – that he originally asserted in this action. *See id.* Plaintiff argues that the current ALJ made her findings using the July 13, 2012 onset date, which "invaded the prior period" and that she "lacked jurisdiction in the prior case[.]" *See id.* Plaintiff further claims that the ALJ committed procedural error in relying on evidence from the prior case that is not part of the current administrative record and in failing to indicate why the prior case should or could be

reopened. *See generally id.* at 8-9. For support, Plaintiff points to the ALJ's statement at the beginning of her decision that, "[t]he claimant's request for a later onset date was made on the advice of his representative. However, as discussed below, I do not find the claimant's argument for a later onset date to be persuasive." *See* AR at 11 (internal citation omitted).

After making this initial statement, the ALJ proceeded to evaluate medical records and give greatest weight to medical opinions that were, almost exclusively, issued *before* Plaintiff's amended onset date of October 7, 2016. *See generally id.* at 14-29. For example, the ALJ relied on medical records from 2012 through 2014, which presumably were considered in the prior case, such as those from the Upstate University Health System Department of Orthopedics. *See id.* at 16, 22, 24, 25 (citing Ex. B1F). The ALJ also gave greatest weight to Dr. Ganesh's medical opinion as the state consultative examiner, which was issued in August 2016, yet she noted that she could not afford controlling weight to Dr. Alcuri's opinion—even though he was one of Plaintiff's treating physicians—because he last saw Plaintiff in August 2015.

Furthermore, the ALJ twice described her review of the evidence, including the evidence that was presumably presented to the prior ALJ, as "de novo." First, she stated the following:

> Although the claimant was previously found to have a severe impairment of left shoulder disorder in the prior Administrative Law Judge decision; and the claimant alleged ongoing neck and bilateral shoulder disorders (Exhibits B5F, p. 2; and B6F, p. 1), a de novo review of the record, including all of the evidence since the amended alleged onset date fails to support more than slight or minimal limitations of functioning related to [Plaintiff]'s cervical spine and/or upper extremities.

*See id.* at 16 (internal citation omitted).

The ALJ later concluded the following:

> Evaluation of medical evidence through the date of the prior Administrative Law Judge decision issued in June 2014 resulted in a different residual functional capacity involving greater manipulative limitations. However, I find that a de novo review of the evidence, including all records received after the prior decision, and the claimant's testimony at the hearing held in June 2018, fail to establish greater exertional or non-exertional limitations in this case.

*See id.* at 29-30.

Plaintiff argues that the ALJ indicated that he had greater abilities in comparison to the prior ALJ's decision, yet "it is impossible to properly assess whether there is improvement when the prior decision and administrative record is not part of the current record." *See* Dkt. No. 12 at 9. Plaintiff further asserts that he was deprived of his due process rights when the ALJ "reopened" his prior application and did not provide him the opportunity to bolster his current argument for disability benefits with the facts that were used to find greater limitations at the prior hearing. *See id.*

In response, the Commissioner argues that, "[f]ar from constructively reopening by rendering a decision on the merits for the period before October 7, 2016, the ALJ simply acknowledged those prior administrative findings, and expressly *declined* to rely on them when adjudicating the period beginning October 7, 2016." *See* Dkt. No. 13 at 4. According to the Commissioner, the ALJ did not rely on extra-record evidence; she only considered evidence relevant to Plaintiff's condition on or after his amended onset date. *See id.* at 4, 6.

Courts have found that ALJs in subsequent Social Security cases can either expressly or constructively reopen prior cases. To expressly reopen a prior case, the ALJ must indicate which of the conditions listed in the Act applies. *See* 20 C.F.R. §§ 404.987, 404.988. The ALJ did not expressly state she was reopening Plaintiff's prior case, nor did she list any of the statutorily provided reasons to reopen it. However, the ALJ may have *constructively* reopened Plaintiff's prior case when she reviewed the entire record "de novo." The Second Circuit, in

*Byam v. Barnhart*, described the doctrine of constructive reopening as follows: "[i]f the Commissioner 'reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened, and any claim of administrative res judicata to have been waived and thus, "the claim is … subject to judicial review."'" *Byam v. Barnhart*, 336 F.3d 172, 180 (2d Cir. 2003) (quotation and other citations omitted)).

In *Hussain v. Comm'r of Soc. Sec.*, the plaintiff argued that, in ruling on a second application for Social Security benefits, "the ALJ constructively reopened the first application … by relying on the entire medical record, including documents relating to the first application, in reaching the conclusion that [the plaintiff's son] is not disabled." *Hussain v. Comm'r of Soc. Sec.*, No. 13 Civ. 3691, 2014 U.S. Dist. LEXIS 119995, *27 (S.D.N.Y. Aug. 27, 2014) *report and recommendation adopted by* 2014 U.S. Dist. LEXIS 136360 (S.D.N.Y. Sept. 25, 2014). The *Hussain* court rejected this argument, asserting that "ALJs regularly review prior evidence for the purpose of considering an open application, as such evidence is often relevant to the claimant's medical condition for the period in which benefits are claimed." *Id.* at *32. The *Hussain* court thus held, "[g]iven this reality, a court should not infer that an ALJ considered the merits of a prior application simply because the ALJ reviewed medical evidence dating from the prior application period." *Id.* at *33. "In these circumstances – where there was good reason to examine the medical evidence from the prior period to adjudicate the second application and where the ALJ explicitly recognized that his findings addressed only the second application – the Court cannot properly infer that the ALJ 'render[ed] a decision on the merits' of the prior application." *Id.* at *33-*34 (quoting *Byam*, 336 F.3d at 180); *see also Pisarek v. Saul*, No. 1:18-CV-0200 CJS, 2019 U.S. Dist. LEXIS 168713, *16-*17 (W.D.N.Y. Sept. 30,

2019); *Thomas v. Comm'r of Soc. Sec.*, No. 1:18-CV-00839 (JJM), 2020 U.S. Dist. LEXIS 17938, \*6-\*7 (W.D.N.Y. Feb. 4, 2020).

Whether the ALJ constructively reopened the case depends on which onset date the ALJ used in coming to her conclusion that Plaintiff is not disabled. Although the ALJ repeats throughout her decision that Plaintiff was not disabled as of October 7, 2016, *see* AR at 13, 31, her "de novo" analysis of Plaintiff's medical records and opinions dating back to 2012 causes the Court to question whether she actually analyzed Plaintiff's disability under the original July 13, 2012 onset date.

If the ALJ constructively reopened the case, then the Court will need to determine whether she procedurally erred or violated Plaintiff's due process rights in failing to incorporate the prior decision and file into the current administrative record. Moreover, even if the ALJ did not constructively reopen the case, clarifying which onset date the ALJ used to analyze Plaintiff's claim will permit the Court to determine whether there is substantial evidence to support her final determination.

Courts are often permitted to remand a case to the administrative agency from which it originated for further clarification. In *Fla. Power & Light Co.*, the Supreme Court acknowledged, "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

The Act specifically addresses this situation in the context of Social Security cases. *See generally* 42 U.S.C. § 405(g). "Sentence six [of the Act] permits the district court to remand

without making any substantive ruling as to the correctness of the Commissioner's decision, but only (i) where the Commissioner so moves before answering the complaint, or (ii) where additional, material evidence is required that was for good cause not presented before the administrative agency[.]" *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999) (citing 42 U.S.C. § 405(g)).

Courts in this District have found that, under sentence six, "[r]emand for further consideration … is justified when the ALJ has applied an improper legal standard, or further findings and explanations would clarify the ALJ's decision." *Lasher v. Comm'r of Soc. Sec.*, No. 1:11-CV-777 (DEP), 2012 U.S. Dist. LEXIS 141393, *22 (N.D.N.Y. Oct. 1, 2012) (citing *Rosa* [*v. Callahan*], 168 F.3d [72,] 82-83 [(2d Cir. 1999) (holding "'"[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence"'" (quotations and other citations omitted))]; *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Steficek* [*v. Barnhart*], 462 F. Supp. 2d [415,] 418 [(W.D.N.Y. 2006)] (citing *Pratts* [*v. Charter*], 94 F.3d [34,] 39 [(2d Cir. 1996)])).

After reviewing the entire Administrative Record, the Court finds that remand pursuant to sentence six of the Act is necessary so that the agency may offer additional explanations about (1) which onset date, July 13, 2012 or October 7, 2016, the ALJ used in coming to her conclusion; (2) to what extent the ALJ relied on or deviated from the prior ALJ's decision, and (3) to which specific medical opinions the ALJ gave controlling weight in this case to support her finding that Plaintiff is not disabled.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this case is **REMANDED** to the ALJ for further proceedings consistent with this Memorandum-Decision and Order pursuant to sentence six of the Act.[3]

**IT IS SO ORDERED.**

Date:   May 4, 2020
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[3] The Court additionally notes that sentence six remands are not final judgments. *See Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999). The Court "retains jurisdiction over the action pending further development and consideration by the ALJ," and it may issue a decision on the merits after receiving such clarification. *Id.*